IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL IVER PETERSON,          )
                                )
            Petitioner,          )
                                )
      v.                         )      1:10CV436
                                )
BUTCH JACKSON,                   )
                                )
            Respondent.          )

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court on Petitioner's Motion for Scheduling Order (Docket Entry 18). For the reasons set forth below, the Court will grant said motion in part and will deny said motion in part, as follows: 1) the Court will treat said motion as including a request for an extension of time for Petitioner to file a response to Respondent's pending summary judgment motion and will extend the deadline for said response from July 23, 2010, to October 29, 2010; 2) the Court will set October 29, 2010, as the deadline for Petitioner to file any reply to Respondent's Answer and to file any dispositive motion of Petitioner's own; and 3) the Court will not address any matters related to the possible amendment of the Petition at this time.

BACKGROUND

This action commenced on June 4, 2010, when Petitioner (with the assistance of counsel) filed his Petition under 28 U.S.C. § 2254 challenging his state murder conviction. (Docket Entry 1.) On June 7, 2010, the Court directed Respondent to answer that Petition (as contemplated by Rule 5(a) of the Rules Governing Section 2254 Cases) within 40 days. (Docket Entry 2.) On June 23,

2010, Respondent filed his Answer, as well as a Motion for Summary Judgment, supporting brief, and voluminous materials from the underlying state court proceedings. (Docket Entries 3, 5-8, 10-13.) Petitioner filed the instant motion on July 20, 2010. (Docket Entry 18.)

In his instant motion, Petitioner asked "the Court for a scheduling order requiring [him] to amend the June 4 petition and file his dispositive motion and supporting memorandum by December 30, 2010, with the respondent's reply, if any, due by February 15, 2011." (Id. at 3.)[1] The motion does not address directly the issue of Petitioner's response to Respondent's pending Motion for Summary Judgment (which was due on July 23, 2010, under this Court's Local Rules 7.3(f) and 56.1(d)) or the time for Petitioner to file a reply to Respondent's Answer (as authorized by Rule 5(e) of the Rules Governing Section 2254 Cases).

As support for the instant scheduling order request, Petitioner's counsel stated that, "[u]ntil May 2010, . . . [he] had no prior involvement in this case . . . [and] need[s] to go through thoroughly the voluminous material the State has filed." (Docket Entry 18 at 3.)[2] In addition, Petitioner's counsel detailed his

---

[1] Petitioner's counsel did not elaborate upon the basis or the justification for any amendment, but instead simply reported that he "anticipate[d] the need to amend the June 4 petition." (Docket Entry 18 at 3.)

[2] Given that "[p]risoners have no right to counsel in a collateral proceeding," United States v. MacDonald, 966 F.2d 854, 859 n.9 (4th Cir. 1992), the Court questions whether the date on which Petitioner's counsel became involved in the case has much relevance; however, because of the nature of its disposition of the instant motion, the Court need not resolve that matter.

-2-

other work-related and personal commitments from June 26, 2010, through November 1, 2010. (See id. at 1-2.) According to Petitioner's counsel, "Counsel for the State has advised he can only consent to a 60-day period for the filing of [Petitioner's] dispositive motion and supporting memorandum." (Id. at 3.)

DISCUSSION

"Habeas corpus proceedings are characterized as civil in nature." Mayle v. Felix, 545 U.S. 644, 654 n.4 (2005). However, "[a] discrete set of Rules governs federal habeas proceedings launched by state prisoners. See Rules Governing Section 2254 Cases in the United States District Courts. The last of those Rules, Habeas Corpus Rule 11, permits application of the Federal Rules of Civil Procedure in habeas cases 'to the extent that [the civil rules] are not inconsistent with any statutory provisions or [the habeas] rules.'" Mayle, 545 U.S. at 654 (internal footnote omitted) (brackets in original).[3]

As the United States Supreme Court has explained, one of the respects in which the Section 2254 Rules and the Civil Rules differ markedly concerns the level of claim-definition required at the time of the filing of the original pleading (i.e., "the complaint in an ordinary civil case, and the petition in a habeas proceeding," id. at 655):

---

[3] The Federal Rules of Civil Procedure similarly declare that they "apply to proceedings for habeas corpus . . . to the extent that the practice in those proceedings: (A) is not specified in a federal statute [or] the Rules Governing Section 2254 Cases . . .; and (B) has previously conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(4).

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide fair notice of what the plaintiff's claim is and the grounds upon which it rests. Habeas Corpus Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Accordingly, the model form available to aid prisoners in filing their habeas petitions instructs in boldface:
>
>> **"CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date."**

Id. at 655-56 (some internal citations and quotation marks omitted) (emphasis in original).

Further, although both the Civil Rules and the Section 2254 Rules contain provisions regarding an answer and a reply to an original pleading, see Fed. R. Civ. P. 7(a); Rule 5, Rules Governing Sect. 2254 Cases, differences in the applicable procedure exist. For example, in Section 2254 cases, "[t]he respondent is not required to answer the petition unless a judge so orders," Rule 5(a), Rules Governing Sect. 2254 Cases, whereas, in standard civil cases, in the absence of a contrary court order, "[a] defendant must serve an answer [by one of three specified deadlines]," Fed. R. Civ. P. 12(a)(1)(A). Conversely, a petitioner has the right to file a reply to any answer from a respondent under the Section 2254 Rules (although the court has authority to set the time for such reply), see Rule 5(e), Rules Governing Sect. 2254 Cases, but, in civil cases, a plaintiff only may file a reply to a defendant's answer, "if the court orders one," Fed. R. Civ. P. 7(a)(7).

For amendments of an original pleading, however, the same procedural rules apply in both the general civil and Section 2254 contexts: "[28 U.S.C.] § 2242 specifically provides that habeas applications 'may be amended . . . as provided in the rules of procedure applicable to civil actions.'" Mayle, 545 U.S. at 654-55. Under those rules, "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Under this standard, the Supreme Court has held that reasons to deny leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party . . ., [and] futility of amendment," Foman v. Davis, 371 U.S. 178, 182 (1962). "[If] the statute of limitations has expired on [a] claim . . ., leave to amend would be futile unless the amendment relates back to the filing of the original [pleading]." Keller v. Prince George's Cnty., 923 F.2d 30, 33 (4th Cir. 1991). Under Civil Rule 15:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> > (A) the law that provides the applicable statute of limitations allows relation back;

> (B) <u>the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading</u>; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1) (emphasis added).[4]

As to scheduling orders, the Section 2254 Rules are silent, <u>see</u> Rules Governing Sect. 2254 Cases, and the Civil Rules specifically permit district courts to identify "categories of actions exempted by local rule" from the promulgation of such orders, Fed. R. Civ. P. 16(b)(1). This Court has exercised that option to exempt "prisoner petitions" from the scheduling order requirement generally established by the Civil Rules, on the ground that such "cases require no pretrial management and are ready for adjudication on the pleadings of the parties, unless the [C]ourt orders otherwise." M.D.N.C. R. 16.1(a).

---

[4] Notably, the Supreme Court expressly has rejected any construction of the "key" words "conduct, transaction, or occurrence" that "allow[s] relation back of a claim first asserted in an amended [Section 2254] petition, so long as the new claim stems from the habeas petitioner's trial, conviction, or sentence," because such a reading conflicts with the "'finality' and 'federalism' concerns" of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1), and with prior judicial understandings of said terms "in ordinary civil litigation," <u>Mayle</u>, 545 U.S. at 656, 662-63.

Finally, courts have recognized that Civil Rule 56 regarding summary judgment motions generally applies (through Rule 11 of the Rules Governing Section 2254 Cases) in Section 2254 cases. See, e.g., Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000). Civil Rule 56 allows district courts to set the timing requirements for summary judgment filings by local rule or court order. See Fed. R. Civ. P. 56(c)(1). Pursuant to that option, this Court's Local Rules require the filing of responses to summary judgment motions within 30 days after service. See M.D.N.C. R. 7.3(f); 56.1(d).[5] "The failure to file a brief or response within the time specified [in Local Rule 7.3] shall constitute a waiver of the right thereafter to file such brief or response, except upon a showing of excusable neglect. . . . If a respondent fails to file a response within the time required by [Local Rule 7.3], the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." M.D.N.C. R. 7.3(k). Accord M.D.N.C. R. 56.1(d) ("The failure to file a response [to a summary judgment motion] may cause the court to find that the motion is uncontested.").

---

[5] This Court's Local Rules provide that: "All motions for an extension of time to perform an act required or allowed to be done within a specified time must comply with Fed.R.Civ.P. 6(b) and show prior consultation with opposing counsel and the views of opposing counsel." M.D.N.C. R. 6.1(a). The referenced Civil Rule states: "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

In light of the foregoing authority, Respondent properly has filed an Answer to the Petition in this case and properly has moved for summary judgment. As a result, Petitioner has the right to file a reply to Respondent's Answer (within such time ordered by the Court) and has an obligation to file a response to Respondent's summary judgment motion by July 23, 2010, or such later date as the Court might allow upon a showing of good cause (and, if such an extension was not timely sought, excusable neglect). In addition, the Court has the authority to set the time for Petitioner to file any dispositive motion, but has no general duty to enter a scheduling order. Finally, Petitioner has no right to amend his Petition after July 14, 2010, absent either the written consent of Respondent or leave of the Court.

Although Petitioner's instant motion does not explicitly seek more time to respond to Respondent's summary judgment motion, the Court views the instant motion as implicitly asserting that Petitioner could not file a timely summary judgment response due to the volume of supporting material filed therewith by Respondent, particularly given Petitioner's counsel's schedule. As a result, the Court will treat Petitioner's instant motion as a timely request for an extension of time to respond to Respondent's summary judgment motion and will extend Petitioner's deadline for filing such a response to October 29, 2010.[6] Because of the likely overlap between the substance of any such response, any reply by

---

[6] This extension affords Petitioner a summary judgment response period over four times greater than the Court's Local Rules generally provide.

Petitioner to Respondent's Answer, and any dispositive motion Petitioner might file, the Court will set the deadline for the latter two filings at October 29, 2010, as well.

As a final matter, as of the date he filed the instant motion, Petitioner lacked any automatic right to amend his Petition. Petitioner's instant motion neither reflects that Respondent consents in writing to any such amendment, nor provides information to permit the Court to evaluate the propriety of any such amendment. Accordingly, the Court will not authorize the filing of an amended petition at some future date. If Petitioner files a motion for leave to amend his Petition, the Court will evaluate that request after Respondent has an opportunity to respond.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Scheduling Order (Docket Entry 18) is **GRANTED IN PART** and **DENIED IN PART**, as follows: 1) the Court will treat said motion as including a request for an extension of time for Petitioner to file a response to Respondent's pending summary judgment motion and will extend the deadline for said response from July 23, 2010, to October 29, 2010; 2) the Court will set October 29, 2010, as the deadline for Petitioner to file any reply to Respondent's Answer and to file any dispositive motion of Petitioner's own; and 3) the Court will not address any matters related to the possible amendment of the Petition at this time.

                                            /s/ L. Patrick Auld
                                                **L. Patrick Auld**
                                    **United States Magistrate Judge**
August 31, 2010